IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ARLINGTON PROPERTIES, INC.,
ET AL.,

    Plaintiffs,

v.

CITY OF BIRMINGHAM, ET AL.,

    Defendants.

CIVIL ACTION NO.
04-AR-0429-S



FILED
04 APR 21 PM 1:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 21 2004

### MEMORANDUM OPINION

Before the court is the motion to dismiss for failure to state a claim filed pursuant to Rule 12(b)(6), F.R.Civ.P., by defendants, the City of Birmingham, its Mayor and City Council. Plaintiffs, Arlington Properties, Inc. and other owners and managers of apartment complexes ("owners"), claim that Birmingham's requirement that apartment complexes "containing in excess of 10 dwelling units" arrange for private garbage collection services constitutes a denial of equal protection in violation of the Fourteenth Amendment. BIRMINGHAM, ALA., CODE § 4-3-5(a) (1980).

The distinction between property owners entitled to garbage pick up under the ordinance here under attack, and those who are not, centers on the kind of residence being served or not served. Here, that distinction "is not among the 'suspect classifications' recognized by the courts." *Beauclerc Lakes Condominium Ass'n v. City of Jacksonville*, 115 F.3d 934, 935

(11th Cir.1997). Accordingly, the applicable standard for testing the constitutionality of the ordinance is the rational-basis standard and not that which would look for governmental discrimination against a protected class. *Clements v. Fashing*, 457 U.S. 957, 961-63 (1982). The owners concede that this is the correct standard.

Under the rational-basis standard, classifications made by a municipal ordinance need only be "rationally related to the achievement of some legitimate government purpose." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). The owners argue that there is and can be no rational basis for a distinction between owners of apartments or residential buildings with ten or fewer units and those with more than ten units. They ask this court to join them in the belief that the line drawn by this ordinance is "very invidious," asserting that defendants have failed to produce evidence justifying the differentiation. Their arguments rely principally on several Alabama Supreme Court decisions, and other decisions not binding on this court. *See, e.g., Jefferson County v. Richards*, 805 So. 2d 690 (Ala. 2001); *M.V.S. v. V.M.D.*, 776 So. 2d 142 (Ala. Civ. App. 1999); *Melof v. James*, 735 So. 2d 1166 (Ala. Civ. App. 1998); *WHS Realty Co. v. Town of Morristown*, 733 A. 2d 1206 (N.J. Super. Ct. App. Div. 1999).

Defendants, on the other hand, argue that the Eleventh Circuit's decision in *Beauclerc Lakes* is dispositive. In

*Beauclerc Lakes*, the municipality denied provision of free waste-collection service to plaintiff condominium owners. 115 F.3d at 934. The city asserted that the classification was rationally based on the existence of four or fewer residential units, not on whether the residence was a "condominium." *Id.* at 935. According to the Eleventh Circuit, either classification yielded the same result. *Id.* at 935 n.*. The court held that the restriction in the ordinance was rationally related to achieving the legitimate goal of efficient sanitation, because the city can assume that condominium associations are better positioned than single, separate residential owners to negotiate with private sanitation services. *Id.* at 935.

Here, defendants, while not being required to explain themselves in the ordinance itself, have articulated the same purpose articulated in *Beauclerc Lakes*, namely, efficient sanitation. As the Eleventh Circuit held, "[t]hat the legislature did not articulate this presumed goal -- sanitation -- or the rationale for its classification -- scale and bargaining power -- is not important." 115 F.3d at 935 (citing *Haves*, 52 F.3d at 921-22). Despite the owners' assertions to the contrary, a classification need not be affirmatively justified or supported by evidence or empirical data, *Heller v. Doe*, 509 U.S. 312, 320 (1993), and "is not subject to courtroom fact finding." *FCC v. Beach Communications*, 508 U.S. 307, 315 (1993). The government has "no obligation to produce evidence to sustain the rationality

of a statutory classification," *Heller*, 509 U.S. at 320, and the court "may not compel the state to verify its logical assumptions with statistical evidence." *Price v. Cohen*, 715 F.2d 87, 95 (3d Cir. 1983). Thus Birmingham's failure to provide "legislative facts explaining the [statutory classification] on the record has no significance in rational-basis analysis." *Beach*, 508 U.S. at 315 (citations and quotations omitted). The question for the court is "whether a rational basis exists to believe that the legislation would further the hypothesized purpose." *Beauclerc Lakes*, 115 F.3d at 935 (quoting *Haves*, 52 F.3d at 922). This court, without the help of expert testimony, can think of one or more logical reasons for a municipality to furnish garbage service to single-family residences and small apartment complexes, but not to large residential complexes.

The question presented here has been clearly answered by the Eleventh Circuit in *Beauclerc Lakes*:

> That the City may have sought to achieve the legitimate state interest in sanitation by providing, at no cost, waste collection service to individuals or small groups of individuals less likely to have sufficient bargaining power to obtain such services at a reasonable price satisfies rational-basis scrutiny and, therefore, constitutes no violation of the Equal Protection Clause.

115 F.3d at 936. There is a rational basis for thinking that large apartment complexes can fairly negotiate for waste collection. The owners' argument that they are unfairly victimized because they own eleven or more units, instead of

being eleven individual owners, rings hollow. Defendants have rationally drawn the line at ten units. Whether that line should have been drawn at four units, like in *Beauclerc Lakes*, or at 50 units, is not this court's bailiwick. Unless "line drawing" is arbitrary by definition, it is constitutional in this case. The line drawn here is not without inherent rationality. Distinctions like the one in this ordinance are constitutionally permissible, even if some inequality results. See *Dandridge v. Williams*, 397 U.S. 471, 483-85 (1970).

The motion to dismiss will be granted separately.

DONE this 21st day of April, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE